UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD,<br><br>             Plaintiff,<br><br>        v.<br><br>SOLANO,<br><br>             Defendant. | Case No. 2:21-cv-0892-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT, OR<br><br>(2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

Plaintiff, a prisoner at Mule Creek State Prison, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendant Solano and various unnamed "Doe" defendants violated his constitutional right to freedom of religious practice when they improperly handled his Halal meal. I find that plaintiff's allegations, taken as true, do not

establish that his rights were substantially burdened. I will grant plaintiff an opportunity to amend his complaint before recommending dismissal of this action. Additionally, plaintiff has filed an application to proceed *in forma pauperis*, ECF No. 2, which makes the proper showing and will be granted.[1]

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

---

[1] Plaintiff must pay the requisite filing fee in accordance with the concurrently filed collection order.

2

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendant Solano violated his right to freely exercise his religion when he served a Halal meal inappropriately. ECF No. 1 at 5-6. On June 12, 2019, while attempting to receive his Halal meal, plaintiff claims that he observed defendant Solano holding a Halal chicken patty with a "black gloved hand." *Id.* He asked Solano to remove his gloves and replace them with approved "CDCR-mandated plastic gloves." *Id.* at 6. Solano allegedly reacted with confusion, asking, "What are you talking about? I have on gloves, do you know this is Halal?" *Id.* Plaintiff states that B. Ross, a correctional officer who was standing next to Solano, told plaintiff that Solano was putting on gloves "between [food service] runs."[2] *Id.* Plaintiff claims that defendant's failure to handle the Halal meat correctly denied him right to practice his Islamic principles. *Id.* at 8.

Plaintiff's allegations, taken as true, are insufficient to establish a violation of the First Amendment. A plaintiff bringing a free exercise claim must show that the government action at issue substantially burdened his religious practice. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013). Here, plaintiff admits that he was, on this occasion and in general, offered Halal meals. His complaint is that, on one occasion, his Halal meal was improperly handled. This alone does not amount to a substantial burden. *See, e.g.*, *Torres Arboleda v. O'Banion*, No. 2:17-cv-0442-EFB, 2019 WL 1206826 (E.D. Cal. Mar. 14, 2019) ("Courts in the Ninth Circuit (and elsewhere) have routinely held that the denial of a religious practice on a single, isolated occasion does not constitute a 'substantial burden' and thus does not

---

[2] Plaintiff refers to Ross as "Defendant B. Ross" in the body of his complaint but does not name him in the caption. If plaintiff chooses to amend his complaint, he should properly name all defendants and explain how each defendant deprived him of his constitutional rights.

1  violate the First Amendment."); *Pouncil v. Sherman*, No. 1:17-cv-00547-AWI-BAM (PC), 2018
2  WL 646105, at *3 (E.D. Cal. Jan. 31, 2018) (allegation that inmate was denied meals on one night
3  of Ramadan did not state a free exercise claim). Plaintiff does allude to other, systemic Halal
4  violations in his complaint, but he does not explicitly allege how Solano or any "Doe" defendant
5  was responsible for these violations. ECF No. 1 at 4 (alleging that defendants have provided false
6  Halal food but declining to provide specifics).

## Leave to Amend

Plaintiff may, subject to dismissal, choose to stand by his complaint. Or he may file an amended complaint. If plaintiff chooses to amend, he is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (explaining that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." 28 U.S.C. § 1367(a). The amended complaint must contain a caption that includes the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in and of itself, without reference to any earlier-filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible while meeting the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should not include procedural or factual background that has no bearing on his claims. He should also make sure that his amended complaint is as

legible as possible, considering not only to penmanship but also spacing and organization. Plaintiff should consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Plaintiff's applications to proceed in forma pauperis, ECF No. 2, is granted.

      2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

      3. Failure to comply with this order may result in the dismissal of this action.

      4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   September 24, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5