UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD, | No. 2:21-cv-0892-TLN-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| SOLANO, *et al.*, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this 28 U.S.C. § 1983 action. Pending before me are plaintiff's motions to consolidate cases and for the appointment of counsel, and defendants' motion for a settlement conference.

**Motion to Consolidate Cases**

Plaintiff moves to have this matter consolidated with two other civil actions pending in this district. ECF No. 21; *see Muhammad v. Orr*, No. 2:19-cv-01289-DJC-CKD (E.D. Cal.); *Muhammad v. Linennger*, No. 2:20-cv-00070-DAD-DMC (E.D. Cal.). Plaintiff seeks consolidation of these matters for the purpose of achieving a global settlement agreement. On the same day plaintiff filed his motion for consolidation, he filed two nearly identical motions in the other cases. *See Orr* at ECF No. 71; *Linennger* at ECF No. 45. Both Judge Delaney and Judge Cota denied plaintiff's motions to consolidate. *See Orr* at ECF No. 78; *Linennger* at ECF No. 55. Both judges found, as I do here, that these cases do not involve common questions of law and fact

1

and that the actions should not be consolidated under Federal Rule of Civil Procedure 42. Accordingly, plaintiff's motion to consolidate is denied.

### Request for a Settlement Conference

A settlement conference was set before Judge Cota on June 1, 2023, but the conference did not proceed because plaintiff was transferred to a crisis bed on the morning of the conference. Defendants have since met and conferred with plaintiff and believe that a settlement conference would be beneficial. *See* ECF No. 31. Accordingly, defendants' motion for a settlement conference is granted.

### Motion for the Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff requests the appointment of counsel because in May of this year he was transferred to a mental health crisis bed and expects to receive ongoing treatment for an extended period of time. ECF No. 28. After considering the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to consolidate, ECF No. 21, is denied.

    2. Plaintiff's motion for the appointment of counsel, ECF No. 28, is denied.

    3. Defendants' motion to set a settlement conference, ECF No. 31, is granted.

IT IS SO ORDERED.

Dated:   August 1, 2023

                                          JEREMY D. PETERSON
                                          UNITED STATES MAGISTRATE JUDGE